[L. A. No. 10871. In Bank.—March 7, 1932.]

HOWARD R. FEARN, Appellant, v. RALPH HAMLIN, INC. (a Corporation), et al., Respondents.

ALBERT J. VOEGTLIN, Appellant, v. RALPH HAMLIN, INC. (a Corporation), et al., Respondents.

212

Janeway, Beach & Pratt, Janeway, Beach & Hankey, Spencer T. Hankey and G. Harold Janeway for Appellants.

Hardy, Elliott & Aberle, Rex Hardy, Vernon W. Hunt, Joseph Musgrove, F. O. McGirr and Joe Crider, Jr., for Respondents.

PRESTON, J.—Consolidated actions to recover damages for personal injuries to plaintiffs resulting from a collision between the automobile in which they were both riding and a Franklin car of defendant corporation being operated under its express authority and at its expense by defendant Taylor. The liability of defendant Taylor was established by the evidence and the jury returned a verdict against him and in favor of plaintiffs, awarding plaintiff Fearn $100 and plaintiff Voegtlin $25,000. Judgment was duly entered thereon and no appeal was taken by defendant Taylor. By a separate verdict said jury found for defendant corporation and plaintiffs now prosecute this appeal from that portion of the judgment entered against them upon said verdict.

They claim that the undisputed facts establish the liability of respondent corporation for the negligence of defendant Taylor under the doctrine of *respondeat superior;* that the jury were misled by erroneous instructions on this subject and that the evidence was insufficient to support said verdict.

We agree that the evidence does establish as a matter of law all of the elements necessary to charge said respondent with liability for the negligence of defendant Taylor under the doctrine of *respondeat superior.* It is, therefore, unnecessary to determine to what degree, if any, the jury may have been influenced by said alleged erroneous instructions.

Respondent was the sole distributor for all new Franklin cars sold in southern California and carried the name of defendant Taylor on its books as a commission salesman although he received no salary, had no regular hours of employment and did not confine his efforts solely to the sale of Franklin cars. However, when he found a prospective buyer he was permitted, upon request and with the knowledge of respondent that he knew its rules and regulations, to take one of its cars for demonstration purposes. If he was successful in securing a promise to buy, he would return with the purchaser to respondent's office and the sale, including terms, price, and other details, would then be closed by respondent and he would receive his commission. He was required to return a car to respondent corporation immediately upon completion of a demonstration and respondent bore the cost of conducting the demonstration, that is, gasoline, oil and any other running expenses. He had no authority to use one of respondent's cars for himself or for any other than demonstration purposes. On the day of said accident he had found a prospective buyer, had secured the permission of respondent's sales manager to demonstrate to said buyer a new Franklin sport sedan and was on his way to the home of the prospect when the collision occurred.

It is clear that although said defendant, by reason of the nature of his business, was allowed some freedom of action, he was nevertheless subject to respondent's orders and control in the use and operation of its cars, being permitted to take a car under express authority only for the purpose of furthering respondent's business in securing a possible buyer for it. Respondent retained the right to direct and control his use of its cars, to say for what purpose and under what

conditions they should be driven and to terminate his services and retake possession of any car at once should disobedience to instructions or misconduct on his part induce such a course.

These facts bring this case well within the rules determining the existence of the relationship of master and servant, all elements essential to the establishment of respondent's liability under the doctrine of *respondeat superior* being present. Prolonged discussion is therefore necessary. (*May* v. *Farrell*, 94 Cal. App. 703 [271 Pac. 789], and cases therein cited; *McWhirter* v. *Fuller*, 35 Cal. App. 288 [170 Pac. 417], and like cases; *Press Pub. Co.* v. *Industrial Acc. Com.*, 190 Cal. 114, 121, 122 [210 Pac. 820]; *Tucker* v. *Cooper*, 172 Cal. 663, 668 [158 Pac. 181]; *Hillen* v. *Industrial Acc. Com.*, 199 Cal. 577, 581, 582 [250 Pac. 570].)

The case of *Barton* v. *Studebaker Corp.*, 46 Cal. App. 707 [189 Pac. 1025], upon which respondent relies, is not directly in point. There the commission salesman was operating his own automobile entirely at his own expense, his activities, therefore, not being subject to the control or direction of the Studebaker Company as he was free to come and go in his own car as he pleased; hence two essential elements of the doctrine of *respondeat superior*, ownership and control, were lacking in said case, but are present in the instant case.

That portion of said judgment, from which this appeal was taken, which is in favor of respondent corporation and which orders, adjudges and decrees that said respondent corporation have and recover from said plaintiffs its costs and disbursements incurred in said action, is, therefore, reversed.

Langdon, J., Curtis, J., Seawell, J., Shenk, J., and Waste, C. J., concurred.

Rehearing denied.