[Civ. No. 4989. Third Appellate District.—April 24, 1934.]

GRACE HOLLINGSWORTH, Appellant, v. AL. PEMBER-
TON et al., Defendants; MOYE FORWARDING
COMPANY (a Corporation), Respondent.

F. M. Ostrander and Hugh H. Griswold for Appellant.

Manuel F. Sylva for Respondent.

THOMPSON, J.—The plaintiff has appealed from an order granting a new trial after judgment for damages for injuries sustained as the result of an automobile collision had been entered pursuant to a verdict which was rendered in her favor.

The real question involved on this appeal is whether the trial court abused its discretion in granting a new trial on the theory that the plaintiff failed to prove that the driver of a truck, with which the plaintiff's automobile collided, was the agent or employee of the defendant Moye Forwarding Company, as distinguished from an independent contractor. ▮ Granting that there is ample evidence to have warranted a court in finding that the defendant Pemberton, who owned the truck with which the plaintiff's machine collided, was the employee of the Moye Forwarding Company, we are confronted with the question as to whether there is sufficient conflict upon that subject to hold there was not an abuse of discretion on the part of the court in granting a new trial.

The respondent, Moye Forwarding Company, is a private corporation which operates a freight trucking business between Los Angeles and San Francisco along both the coast and interior highways. It does not own the trucks with which the freight is transported. The company maintains offices and warehouses or freight platforms in both cities mentioned. It solicits the transportation of freight from merchants and others, which is collected at the warehouses or shipping platforms and periodically segregated and made up into truckloads under the direction of its employees. Its receipts are given to all shippers, and its way-bills or bills of lading for each package are issued

and delivered to the drivers who carry the freight. At the direction of the company, truck drivers frequently collect the packages from shippers, giving receipts therefor signed by the respective drivers as its agents. Such packages are delivered at the shipping platforms and consigned to specific trucks under the directions of the company. The trucks are routed and the packages conveyed and delivered under specific directions from the company. Privately-owned trucks and their drivers are either hired or contracted for to convey the freight. The question as to whether these truck owners become the agents and employees of the company under the circumstances under which the business is conducted is the issue which is involved in this case. According to the agreement under which these truck drivers are employed, they furnish their own machines, and pay for all gas, oil, repairs and maintenance of the cars.

Mr. Al. Pemberton, who drove the truck with which the plaintiff's automobile collided at the time of the accident, was called by plaintiff as a witness under the provisions of section 2055 of the Code of Civil Procedure. He testified that he owned the truck which he was driving, having purchased it on a conditional sales contract from the defendant, Bank of America National Trust and Savings Association; that he was "employed" by the Moye Forwarding Company for a period of several months before the accident occurred and prior to its incorporation, and was paid by check from the company for the use of his truck and personal services a sum amounting to seventy-five per cent of the receipts for the shipping of freight on each trip; that all collections made by him were promptly paid to the company; that it had the right to "hire or fire" him at any time; that he was informed by the manager of the company that if he carried any freight for himself or for anyone other than the company he would be discharged; that he always worked under specific instructions of the manager; that his duties required him to collect packages in behalf of the company for shipment and deliver them at the shipping platforms for segregation and assignment to the respective trucks for transportation; that in so doing he acted under the directions of the manager and gave receipts to the shippers for such packages on forms furnished

by the company, signed by himself as its agent; that each trip which he made between Los Angeles and San Francisco was superintended and routed under specific instructions from the company with a limitation of eighteen hours in which to complete the journey; that on the occasion when the accident occurred he was directed to take his load from Los Angeles and go by way of Beverly Hills to pick up a special package at that point for shipment, which he did; that in the collecting of packages, the handling, transportation and delivery thereof, he was always under the control and direction of the manager of the company, and that he was instructed by Manager Malde that since the company was not regulated by the Railroad Commission, he had better look out en route for spotters representing the Commission.

After the accident occurred, Pemberton was arrested in Merced County for driving his truck while intoxicated. A. L. Silman, the probation officer, investigated the facts of the case. He testified that he called at the office of the Moye Forwarding Company and was referred to Manager Malde, who informed him that Pemberton was "employed" in their company. When Malde learned of the charge of drunkenness against Pemberton, he said "he would not have a man in his employ that took liquor." There was no intimation in this conversation with the probation officer that Pemberton was driving the truck as an independent contractor.

In a telephonic conversation regarding that arrest, which occurred with Mr. Ostrander, who was then district attorney of Merced County, the manager said, "My name is Malde of the Moye Forwarding Company, and you have one of my drivers under arrest." The company did subsequently furnish a bond for Pemberton's release.

Tested by the well-established rule distinguishing between an employee and an independent contractor, the foregoing evidence standing alone leaves little doubt that Pemberton was an agent of the Moye Forwarding Company engaged in the line of his employment at the time of the accident. ■ It has been frequently stated, and is the established rule of law distinguishing between a mere employee and an independent contractor, that when the employer has the right to hire or discharge the workman at pleasure, and

also has the right to direct and control the manner of the performance of the services as distinguished from the mere result of such labor, the relationship is that of master and servant or principal and agent and does not constitute an independent contract. It is the right on the part of the employer to direct and control the manner of the performance of the services, and not the actual interference on his behalf, which determines the relationship between them. (30 C. J., p. 1316, sec. 1518; *Hillen* v. *Industrial Acc. Com.*, 199 Cal. 577 [250 Pac. 570]; *Tucker* v. *Cooper*, 172 Cal. 663 [158 Pac. 181]; *Fearn* v. *Ralph Hamlin, Inc.*, 215 Cal. 211 [8 Pac. (2d) 1015]; *Eng-Skell Co.* v. *Industrial Acc. Com.*, 44 Cal. App. 210 [186 Pac. 163]; *Behr* v. *Industrial Acc. Com.*, 126 Cal. App. 522 [14 Pac. (2d) 915]; *Press Pub. Co.* v. *Industrial Acc. Com.*, 190 Cal. 114 [210 Pac. 820].) In the case last cited it is said:

" 'The real test by which to determine whether a person is acting as the servant of another is to ascertain whether, at the time when the injury was inflicted, he was subject to such person's orders and control and was liable to be discharged for disobedience or misconduct.' "

Applying this test to the present action, as it was similarly applied in the Press Publishing Company case, Pemberton was liable to be discharged for misconduct. The manager of the Moye Forwarding Company told the probation officer he would not have a man in his employ who "took liquor". Pemberton was in fact discharged by the company.

On this appeal from the order granting a new trial, it is, however, not merely a question as to whether the record contains sufficient evidence to support a judgment that the accident occurred through the negligence of an agent of the defendant Moye Forwarding Company, for there is conflicting evidence upon essential facts necessary to consider in determining the relationship which existed between Pemberton and the company. ▮ Upon a motion for new trial the judge has the exclusive right to weigh the evidence and determine the credibility of witnesses. Except for a clear abuse of discretion in granting a new trial, the order will not be disturbed on appeal. (2 Cal. Jur., p. 905, sec. 533; *Boness* v. *Helphinstine*, 132 Cal. App. 677 [23

Pac. (2d) 420]; *Rosenberg* v. *Moore & Co.*, 194 Cal. 392 [229 Pac. 34].)

In conflict with the preceding evidence, Mr. Lee Case, the present manager of the Moye Forwarding Company, testified regarding the relationship of Pemberton to the company that, "He being an independent contractor, he is one of the men who has been used at various times for hauling loads from Los Angeles to San Francisco and return, and he was a man standing in front of the office with his truck waiting for an opportunity to go to work; we offered him a load of merchandise at approximately so much weight and amount and so much money, and we asked him if he wanted to accept the load and take it through, and he agreed to do that." His compensation was "on a percentage basis. . . . Each load was an independent transaction, and it was settled as such. Q. Now when he loaded his truck, what directions did you give him in the manner of loading his truck? A. None, no direction. Q. In other words, he could load it as he seen fit? A. That was part of his responsibility as an independent contractor." Regarding the alleged instructions to pick up the package en route at Beverly Hills, Case said, "He was offered additional tonnage to be picked up at Beverly Hills . . . *if he saw fit*, and he agreed to stop on his way out of town and gather it up." Case testified there was "nothing compulsory" about Pemberton taking any particular load of freight from the company for delivery. Regarding the statement that Pemberton was directed to haul no freight except for the company, on penalty of being discharged, Case denied the charge, as follows: "Q. Was he required to haul for you exclusively? A. No, sir." Regarding the alleged instructions from the company requiring the truckman to pick up and transport packages along the way, Case declared that this was optional with the driver. Answering the question in that regard, he said: "Q. That is a transaction between the operators themselves? A. Yes, that is the transaction."

Mr. Malde, the manager of the company, testified that he had a conversation with Pemberton, in which he said, "I just pointed out to him that he was a contracting hauler, . . . that he had to maintain his own truck and take care of it and the expenses connected therewith, . . .

and to receive the goods in good condition, and then if he delivered them in bad condition we expected him to pay that loss. . . . It was practically his business in a measure, he was working for himself.'' Malde then added that he did tell Pemberton how to handle the freight so as to avoid damage, and how to treat the customers so as to retain their goodwill. He also declared that each trip undertaken by the driver of a truck was a separate transaction which he was privileged to accept or reject. Malde also denied that he ever told Mr. Silman that Pemberton was an employee of the company. He said, ''I told him he was a contractor.'' Regarding the claim on the part of the company that it lacked authority to direct or control the truck drivers with respect to particular loads to be hauled, Mr. Case said, ''Unless the volume they received was not enough, and they had the right to refuse to take it if the volume did not meet their particular earnings on their regular trip,'' they could refuse to haul it.

In view of the conflict of evidence regarding the issue as to whether Pemberton was acting as the agent of the Moye Forwarding Company at the time of the accident, or whether, upon the contrary, he was a mere independent contractor, we are unable to say there was an abuse of discretion on the part of the court in granting a new trial.

The order is affirmed.

Pullen, P. J., and Plummer, J., concurred.