[Civ. No. 5200. Third Appellate District.—September 29, 1936.]

RANDALL G. KELLEY, Respondent, v. C. J. CORCORAN, Appellant.

. Clarence N. Riggins and Donald Seibert for Appellant.

Rutherford, Rutherford & Rutherford for Respondent.

THOMPSON, J.—The defendant has appealed from an order granting a new trial on the ground of lack of evidence to support the judgment which was rendered in his favor pursuant to the verdict of a jury in a suit for personal injuries which were sustained by the plaintiff in an automobile collision.

The appellant contends that the order granting a new trial should be reversed for the reason that the court failed to specify therein, as required by section 657 of the Code of Civil Procedure, that it was allowed for the insufficiency of the evidence, and that the court abused its discretion in granting a new trial.

The record contains a substantial conflict of evidence regarding the circumstances surrounding the accident in question. About 7:30 to 8 o'clock on the evening of May 16, 1933, the plaintiff and defendant were traveling south in separate machines along the state highway between St. Helena and Napa. It was dark, and their lights were burning. The defendant was driving alone at the rate of approximately 45 miles an hour. His home was situated several miles south of St. Helena, adjacent to the highway on the easterly side thereof. The roadway entered his premises by means of a narrow lane at a right angle to the state highway. The plaintiff's car was following the defendant's machine. A young man by the name of Ganter rode with the plaintiff. The plaintiff testified that he overtook the defendant's machine a short distance northerly of the lane leading to the defendant's premises. He did not know that the defendant lived there, and he had no intimation that the defendant was go-

ing to turn to his left into this lane. Both machines were traveling along the proper side of the highway. When the plaintiff reached a point 60 or 70 feet from the defendant's automobile, he sounded his horn and pulled to his left to pass the car. No other vehicles were in sight. He observed no arm signal on the part of the defendant and he saw no tail-light signal indicating that the defendant intended to turn to his left. The defendant testified that he plainly saw the plaintiff's machine approaching from the rear by looking into his mirror; that the plaintiff was 500 or 600 feet behind him when he began to turn; that he held out his left arm 200 feet before he turned the machine, but that he immediately withdrew his arm because the control of the machine required the use of both of his hands. His arm signal, therefore, did not conform to the requirements of section 544 of the Vehicle Code, which provides that the arm shall remain extended "continuously during the last fifty feet traveled by the vehicle before turning". The plaintiff said that his machine was running by the side of the defendant's car when he first observed his effort to turn across his pathway; that he instantly pulled his automobile to his left out upon the shoulder of the highway, but that he was then unable to avoid the collision, and the defendant's car struck his machine, overturning it. The plaintiff's car was badly damaged, and he received serious injuries, including a broken rib, from which he suffered greatly. The cause was tried before a jury which returned a verdict in favor of the defendant. A judgment was rendered accordingly. On motion therefor the judgment was set aside and a new trial was granted. From that order the defendant has appealed.

We are of the opinion there is no merit in this appeal. The motion for new trial was made on the ground of the insufficiency of the evidence to support the verdict and judgment. It is true that the minute order which was originally entered April 2, 1934, failed to specify the fact that the new trial was granted on that ground. Under the provisions of section 473 of the Code of Civil Procedure, the court, on its own motion, subsequently amended that order to correct the clerical error which occurred in the entry thereof, and specifically provided that the motion for new trial was granted "upon the ground of the insufficiency of

the evidence to sustain the verdict''. This amendment was entered *nunc pro tunc* as of the date of the original entry of the order. The court was authorized by section 473, *supra,* to amend the minute order granting the new trial to correct the clerical error omitting to specify therein that it was granted on the ground of the insufficiency of the evidence. That section provides in part:

'' . . . The court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgment or orders as entered, so as to conform to the judgment or order directed, . . . ''

It does not appear that the court abused its discretion in granting a new trial under the circumstances of this case. There is a substantial conflict of evidence regarding the material facts of the case. The trial judge is in so much better position to judge of the weight and sufficiency of the evidence and the credibility of the witnesses than is the court of appeal that an order granting or refusing a new trial will not be disturbed unless it appears very clearly that he abused his discretion in that regard. That is the invariable rule which is followed on appeal. (*Rosenberg* v. *Moore & Co.,* 194 Cal. 392 [229 Pac. 34]; *Collins* v. *Hodgson,* 5 Cal. App. (2d) 366 [42 Pac. (2d) 700]; *Hollingsworth* v. *Pemberton,* 138 Cal. App. 261, 265 [31 Pac. (2d) 1063]; *Boness* v. *Helphinstine,* 132 Cal. App. 677 [23 Pac. (2d) 420]; 2 Cal. Jur. 905, sec. 533.)

The order granting a new trial is affirmed.

Plummer, J., and Pullen, P. J., concurred.