[Civ. No. 12039.   Second Appellate District, Division Two.—January 25, 1939.]

NELLIE SHORTT, Appellant, v. LOS ANGELES GAS AND ELECTRIC CORPORATION, Respondent.

Irving E. Read for Appellant.

T. J. Reynolds, L. T. Rice and Neil G. Locke for Respondent.

CRAIL, P. J.—This is an appeal from an order of the superior court granting a new trial to the defendant on the ground of insufficiency of the evidence to support the verdict. The plaintiff's decedent was killed when his automobile struck an electric pole at the intersection of Venice Boulevard and Twelfth Avenue. It was the theory of the plaintiff during the trial, supported by substantial evidence, that the decedent's car ran into the pole because it was struck by an electric lamp which was hanging from a suspension wire near the center of the intersection; that said

lamp suddenly fell as the decedent was passing under it, hitting the hood of his car and breaking into the windshield.

It was the theory of the defendant that the decedent's car first struck the buttons at the east end of the safety zone in the street and began to wobble and skid, and skidded clear over to the pole, striking the pole with undiminished force, causing the pole to heave up the suspension wire and with it the lamp, and that when the pole whipped back it dropped the lamp down a distance of eight or ten feet, whereupon the lamp broke loose from the wire; that the lamp did not hit the automobile.

There was evidence which tended to show that the lamp and supporting fixture were located two feet south of the center lane of the street, in other words, two feet on the wrong side of the street on which decedent was traveling, and that it would have been physically impossible for the lamp to have come in contact with the automobile.

Furthermore, a Mr. Bidwell testified as follows: ''I was traveling east on Venice boulevard on the south half of the boulevard. I observed the [decedent's] Ford coupe the instant it struck the pole. I kept on going in my automobile until I found a place to park. As I passed the location of the street lamp, I did not pass any glass, wires down, arc lamp in the street, on anything like that. After hearing the automobile strike the pole, and after it got out of the range of my vision, I heard the noise of something falling. As I walked back from where I parked my car I saw the street lamp hanging over the trolley wire. As I crossed the intersection immediately after the car struck the pole, there was nothing in the intersection out of the ordinary. After I had gone by I heard a peculiar noise and I didn't know what it was until after I got out of the car and went back. When I came back I saw the lamp hanging over the trolley wire. When the car struck the pole it made a loud noise, it made a considerable impact. After I passed by I heard a crash; it sounded like something brittle falling. The first sound I heard was a thud, and the second sound was a crash. The crash occurred after I got by.''

There was evidence to indicate that there was a mark on the pole about 14 inches above the ground, indented about one-half inch across an area of about 8 inches, and that there was an open space in the ground beside the pole where the pole had been temporarily pushed back by the automobile

from 4 to 6 inches in width. There was evidence of a black rubber mark on two southerly buttons on the east end of the safety zone. The same black marks continued along the safety zone and from there clear to the automobile.

There was evidence that glass from the street light was all on the southerly side of Venice Boulevard and that there was no glass from the street light on the automobile, and that there was no windshield glass among the glass which was picked up off the street.

The rules which the appellate court must follow where there is an appeal from an order granting a new trial for insufficiency of evidence have been fully set forth by this court in the case of *Bonner* v. *Los Angeles Examiner*, 17 Cal. App. (2d) 458 [62 Pac. (2d) 427]. In that case, among other things, the court said: "It has been said and quoted over and over again that 'it is only in rare instances and upon very strong grounds that the supreme court will set aside an order granting a new trial'. . . . 'Insufficiency of the evidence to justify the verdict' is a ground for new trial appealing peculiarly to the discretion of the trial court. . . . If there is *any* appreciable conflict in the evidence, the action of the trial court in granting a new trial is conclusive on the appellate court. . . . And the same is true where the evidence, though not conflicting, is such that different inferences may reasonably be drawn therefrom."

In our view of the case there is substantial evidence which tends to sustain the defendant's theory of how the accident occurred and therefore it is our duty to affirm the order.

Order affirmed.

Wood, J., and McComb, J., concurred.