[Civ. No. 6760.   Third Dist.   Aug. 29, 1942.]

ELIZABETH HACK, Respondent, v. SAM GRIDLEY, JR., et al., Appellants.

Van Dyke & Harris and Jack Montgomery for Appellants.

George R. Freeman and Elmer Laine for Respondent.

ALLEN, J. pro tem.—This is an appeal from an order granting a new trial on the ground of the insufficiency of the evidence to justify the verdict.

The action arose out of a rear collision between a Dodge pick-up automobile belonging to plaintiff and driven by her,

and a GMC semi-truck and trailer owned by defendant Gridley and driven by his employee, defendant Edgar (Ted) Hepworth. The accident took place on Highway 99 W about 2½ miles south of the town of Orland in Glenn County about 7 a. m. May 20, 1940. At that time both vehicles were proceeding south on the highway. Plaintiff's vehicle was ahead of defendant's and was traveling at about 20 miles per hour. The GMC truck and trailer was traveling at the rate of about 45 miles per hour. Defendant was overtaking plaintiff and when about one hundred feet behind her, defendant veered to the left to prepare to pass the plaintiff. Plaintiff was approaching a private driveway which was located on the east side of the highway to her left and at this point the GMC semi-truck and trailer struck the rear end of the pick-up, causing the injury that resulted in this action.

There is no dispute in regard to the above facts. The jury found for the defendants apparently on the issue of contributory negligence. On motion of plaintiff a new trial was granted on the ground of insufficiency of the evidence. The main questions are:

1. Whether or not plaintiff failed to give a signal when she was about to make a left-hand turn. If she did fail, she was guilty of contributory negligence.

2. Was there other evidence of contributory negligence on her part?

3. Does the evidence sufficiently show defendant guilty of any negligence?

It is a salutary rule in this state, supported by a long line of decisions, that the order of a trial court granting a new trial will not be disturbed on appeal upon the ground of insufficiency of the evidence, in the absence of such a clear showing of abuse of discretion or prejudice as would interfere with a fair and impartial balance of the evidence. (*Kehlor* v. *Satterlee,* 37 Cal. App. (2d) 116 [98 P. (2d) 759]; *Shortt* v. *Los Angeles Gas & Electric Corp.,* 30 Cal. App. (2d) 511 [86 P. (2d) 854]; *Kelley* v. *Corcoran,* 16 Cal. App. (2d) 593 [61 P. (2d) 344].)

In the case last cited the defendant appealed from an order granting a new trial on the ground of insufficiency of the evidence to sustain the verdict and judgment. On appeal the order was sustained. The circumstances were similar to those in the present case, except that the plaintiff in the Kelley case attempted to pass the defendant's car as it was driven

across the highway to enter a lane on the left-hand side. The chief question in that case was whether the defendant indicated his intention of crossing the highway by giving an arm-signal. There was a conflict of evidence in that regard. The court said:

"It does not appear that the court abused its discretion in granting a new trial under the circumstances of this case. There is a substantial conflict of evidence regarding the material facts of the case. The trial judge is in so much better position to judge of the weight and sufficiency of the evidence and the credibility of the witnesses than is the court of appeal that an order granting or refusing a new trial will not be disturbed unless it appears very clearly that he abused his discretion in that regard. That is the invariable rule which is followed on appeal." (Citing several California authorities.)

In this case, the plaintiff, Elizabeth Hack, testified that she saw, through her mirror, the defendant's machine when it was about one hundred yards to the rear of her car, traveling on its proper side of the highway; that she gave the arm-signal to indicate her intention to turn to her left, and had just reached the middle white line when her automobile was struck. She testified that "I never got across the white line." The driver of defendant's car, according to his own testimony, apparently did not sound a warning horn until immediately before the collision occurred.

Section 657 of the Code of Civil Procedure does not require the trial court, in granting a new trial upon the insufficiency of the evidence, to specify wherein it considers the evidence insufficient as contended for by appellant, but does require the trial court when a new trial is granted on the insufficiency of the evidence to sustain the verdict, to specify in the order that the new trial is granted on the ground of insufficiency of the evidence to justify the verdict. The purpose of the 1939 amendment to this section is well set forth in *Thomas v. Driscoll*, 42 Cal. App. (2d) 23 [108 P. (2d) 43]. Prior to the amendment if the order granting a new trial did not state that it was on the grounds of the insufficiency of the evidence, it was presumed not to have been based on that ground, while after the amendment it was conclusively presumed not to have been based on that ground unless it was so stated in the order. The opinion in that case also sets forth what is required to be set forth in the order. In this

case the judge properly specified that the order for a new trial was granted for insufficiency of the evidence.

The evidence does not show that plaintiff could have been guilty of contributory negligence in any other way than by failing to give a proper signal when she made the left-hand turn. There is a conflict of evidence on this point. If she gave such signal, defendant was guilty of negligence in attempting to pass.

In view of the wide discretion vested in a trial court in granting a new trial, it does not seem, in view of the record, that the order of the trial judge in this case granting a new trial should be disturbed.

The order is affirmed.

Thompson, J., and Adams, P. J., concurred.