225 P.2d 41

### CELAYA v. EDWARDS et al.

No. 5377.

Supreme Court of Arizona.

Dec. 11, 1950.

Bumsted & Linsenmeyer, Phoenix, for petitioner.

H. S. McCluskey, Phoenix (Robert E. Yount and Donald J. Morgan, Phoenix, of counsel), for respondent Industrial Commission.

UDALL, Justice.

Petitioner, Armando Celaya, was denied compensation by the Industrial Commission of Arizona for injuries received in an automobile accident allegedly arising out of and in the course of his employment. The ground upon which the denial was based was that petitioner "failed to establish employment or any contract of hire." Thereafter an application for a formal hearing was filed. The application was granted and hearing was held, petitioner being represented by council. From the order affirming the previous findings and award denying compensation, petitioner prosecuted his appeal to this court by certiorari.

The facts, stated in the light most favorable to sustaining the award, are substantially as follows: Petitioner prior to the time of the accident had been a car salesman working on a commission basis for respondent, Edwards Motor Co., of Coolidge, Arizona, for a period of two months. Six weeks prior to the accident he quit this job and went to work at the Palace Meat Market as manager of the meat department with a guaranteed minimum salary of $65 per week. Working hours were from 7:30 a.m. until 7:30 p.m. each week day. About two weeks thereafter when Dwight Edwards, owner of the respondent motor company, was in the meat market it was orally agreed between petitioner and Edwards that the latter would give Celaya a commission if petitioner directly procured any car sales or gave information through his contacts with people at the market through which a sale was ultimately effected. However, it should be noted that under this agreement petitioner was under no obligation to report to Edwards Motor Co. at any time, to follow any orders that might be given him, or to find prospective purchasers at all. Furthermore, he had the right to go where and when he pleased and to exercise his own judgment and discretion as to parties whom he should seek as prospective purchasers. Nothing was furnished him by the respondent company after he took the job as a butcher, and insofar as the record discloses the only time he was ever at the car lot after that time was on the Sunday when the unfortunate accident occurred. Petitioner was not listed as an employee by the

respondent motor company on its payroll, nor had he received any pay from it after he went to work as a butcher.

On Sunday September 11, 1949, Edwards was working at his car lot when, according to his testimony, the following occurred: " * * * At approximately two o'clock, Armando came in and asked me *if he could borrow my car, he wanted to go out and see some fellow by the name of Felix.* I had the intention of coming into Phoenix that afternoon, so I told him, I says, 'I want my car back here within an hour' and he told me he could have it back within an hour." (Emp. sup.)

Nothing was said at this time about the specific purpose for which petitioner borrowed the car nor was his destination otherwise revealed. The car was one Edwards used both for his own personal use and as a demonstrator. Edwards did not know Felix. Petitioner did not return the car within an hour, and subsequently it developed, according to petitioner's uncorroborated testimony, that while returning to Coolidge from Felix' place, which was some seven miles distant, he stopped and picked up four people to give them a demonstration in the car. On the way into town at about 5:15 p.m. petitioner, due to excessive speed, lost control of the car on a curve and in the ensuing wreck suffered the injuries for which he now claims compensation.

Some two months later petitioner filed a claim for compensation with the Industrial Commission of Arizona as the insurance carrier, asserting that he was an employee of the Edwards Motor Co., and that he was injured in an accident arising out of and in the course of his employment. This claim was denied upon the ground heretofore stated.

The sole issue presented is whether petitioner, who has the burden of establishing his claim, proved that an employer-employee relationship existed between himself and Edwards Motor Co. at the time of the accident. Petitioner contends that the award is not supported by, but is contrary to, the evidence.

Although we have found cases from other jurisdictions in which the status of a car salesman working on a commission basis was involved, all of them are distinguishable in some important particular on their facts. Even those jurisdictions which have dealt with the question the law is seemingly in conflict. There apparently is no rule of law which will serve to determine all cases of this type and each is judged largely on its own particular facts. See e.g., Barton v. Studebaker Corp. of America, 46 Cal.App. 707, 189 P. 1025; Counihan v. Lufstufka Bro. & Co., 118 Cal.App. 602, 5 P.2d 694; Premier Motor Mfg. Co. v. Tilford, 61 Ind.App. 164, 111 N.E. 645. Cf. George v. Chaplin, 99 Cal.App. 709, 279 P. 485; Ryan v. Farrell, 208 Cal. 200, 280 P. 945; Fearn v. Ralph Hamlin, Inc., 215 Cal. 211, 8 P.2d

1015; L. B. Price Mfg. Co. v. Industrial Comm., 43 Ariz. 257, 30 P.2d 491.

While petitioner in the instant case testified at the formal hearing that the purpose for which he borrowed Edwards' car was to give a demonstration to Felix as a prospective buyer, this testimony was uncorroborated. Petitioner's testimony was not conclusive on the commission, and obviously was rejected by it. Davis v. Ind. Com., 46 Ariz. 169, 49 P.2d 394; Ison v. Western Vegetable Distributors, 48 Ariz. 104, 59 P.2d 649. The triers of fact may well have concluded that his use of the car resulted from a mere gratuitous bailment for the sole benefit of petitioner, the bailee.

Petitioner was charged with knowledge that the commission did not accept his unsupported statements by virtue of its first order denying compensation, and he was thereafter granted a formal hearing to further support his claim. Yet he failed to call as witnesses Felix, or any one of the four people in the car at the time of his injury, to corroborate his testimony that he was in the service of the respondent motor company demonstrating a car at that time.

Edwards appropriately described petitioner as a "free agent" and it was shown that if a prospective purchaser was found through petitioner's efforts only Edwards, the owner, exercised or had the right to enter into a contract of sale with such purchaser.

The evidence supports the commission's action in denying compensation. Award affirmed.

LA PRADE, C. J., and STANFORD, PHELPS and DE CONCINI, JJ., concurring.