[Civ. No. 10116.   Third Dist.   Apr. 19, 1961.]

ANDREW LEZZENI, Plaintiff and Appellant, v. FRED COX, Defendant and Appellant; WILLIAM R. CRUICKSHANK, Intervener and Respondent.

Carl B. Shapiro for Plaintiff and Appellant.

Bronson, Bronson & McKinnon and Vernon L. Goodin for Defendant and Appellant.

Barry and Mepham for Intervener and Respondent.

WARNE, J. pro tem.*—Defendant appeals from an order granting a new trial to plaintiff in a personal injury case tried to a jury which returned a verdict for the defendant. The plaintiff has appealed from the judgment pursuant to rule 3(a), Rules on Appeal.

The case arises out of a collision between a Chevrolet station wagon being driven by plaintiff and a Ford pickup being driven by defendant. The accident happened in the town of Burney, Shasta County, California, at the intersection of Highway 299 and a county road known as Garden Lane. The highway, for a considerable distance each way from the scene of the accident, is straight and level and divided by a broken white line. Both vehicles were in a line of westbound traffic with plaintiff near the front of the line. It is admitted that the two vehicles collided as plaintiff was attempting a left turn onto Garden Lane and the defendant was attempting to pass him. The evidence shows that the plaintiff turned on his blinker lights at least 500 feet from the intersection, indicating an intention to turn left, and also decreased his speed. Plaintiff testified that his speed at the time he reached the intersection and started the turn was "maybe" 10 miles an hour. The driver of a car following immediately to the rear of plaintiff's vehicle estimated plaintiff's speed to be about 15 miles an hour at the time he made the turn. The point of impact was approximately at the center of the eastbound lane. Defendant testified that he passed two cars to the rear of the station wagon and that he did not see the blinker signal on plaintiff's station wagon indicating a left turn until he turned into the left lane. He estimated his speed at approximately 40 miles

---

*Assigned by Chairman of Judicial Council.

an hour. Plaintiff testified that when he was 40 feet from the intersection he looked into his rear-view mirror, had a clear view, and at that time he saw no car in the left lane.

In his complaint plaintiff alleged that defendant was negligent in the driving of his Ford pickup. Defendant denied negligence and affirmatively alleged that plaintiff was contributorily negligent. Katherine Lezzeni, wife of Andrew Lezzeni, was originally also a plaintiff, but later, at plaintiffs' request, was dismissed as a party to the action. The pretrial order specified that the issues were negligence and contributory negligence.

On February 25, 1960, the trial court made an order granting plaintiff's and intervener's motions for new trial, as follows: ''For the sole reason, therefore, that the verdict in favor of the defendant is not supported by the evidence, the Motions for a New Trial are granted.'' And on March 7, 1960, by a supplemental ruling the order was amended to read as follows: ''For the sole reason, therefore, that the verdict in favor of the defendant is not supported by the evidence as a matter of law, the Motions for a New Trial are granted. (The instruction on contributory evidence [*sic*] should not have been given and it was error to do so.)''

Defendant contends that there was substantial evidence of contributory negligence on which the jury could find for the defendant; that the giving of the instruction on contributory negligence was proper, and, therefore, since the order indicated the insufficiency of the evidence to be that relating to the issue of contributory negligence the trial court erred in granting the motion for a new trial. We find no merit in this contention.

When a motion for a new trial is granted on the ground of insufficiency of the evidence to sustain the verdict or decision, the order shall so specify in writing. (Code Civ. Proc., § 657.) The trial court's order so specified. While the statute does not require the trial court in granting a new trial upon the insufficiency of the evidence to specify wherein it considers the evidence insufficient, the trial court, nevertheless, stated its reasons for granting the motion.       We quote from its ''Ruling'':

''The point as to the insufficiency of the evidence to sustain the verdict in favor of defendant is more serious. The negligence of the defendant Fred Cox was not great, as he committed a negligent act that probably is committed more or less inadvertently by many persons. He was driving down a

straight stretch of state highway with nothing coming in the opposite direction for a long distance ahead and passed several cars going in the same direction that he was, and at that point of this collision was passing at or near an intersection with a county road. This certainly was not gross negligence, but it was a violation of the Vehicle Code and therefore must be classed as negligence, as was admitted by counsel for defendant in his argument to the jury. It seems, therefore, that the jury rendered its verdict in favor of the defendant on the theory that the plaintiffs were guilty of contributory negligence, and the question therefore is whether there was enough evidence to support such a finding. . . .

"[I]n this case, it is difficult on carefully reconsidering the evidence introduced to find support for a finding of contributory negligence. Counsel for defendant states that the negligence of plaintiffs consisted in turning left when such turn could not be made with safety. However a driver does not have to anticipate that another driver is about to violate or is violating the law. Of course, if he sees that such a violation is taking place, he should govern himself accordingly. Here the plaintiffs had a right to turn left onto the county road and he gave the mechanical signal for so doing, which is all that is required of him. Apparently, he made the turn in a proper manner, and had the defendant not been violating the law by passing other cars going in the same direction at an intersection, no collision would have occurred. . . . In the instant case the plaintiffs did not violate the law on left turns in any particular. The counsel for defendant and the jury apparently feel that his failure to see the defendant coming was negligence, but in view of the fact that there was another car closer behind him and he had the right to assume that any cars behind that car would not violate the law and attempt to pass it on the left side of the road, I cannot say that his failure to see the apparently fast moving car of defendant was negligence."

Thus it is quite apparent that the trial court did not abuse its discretion in weighing the testimony.

■ The fact that the trial court at the end of its order added, by supplemental order, the sentence "(The instruction on contributory evidence [sic] should not have been given and it was error to do so)" does not defeat the clear intent and meaning of the order, i.e., that it was based solely upon insufficiency of evidence to sustain the verdict. That was at most but an additional ground for granting the motion, i.e., error

of law.  The rule is well established that there is no basis for the exercise of discretion where the order granting a new trial is based exclusively upon an erroneous concept of the applicable legal principle. (*Conner* v. *Southern Pacific Co.*, 38 Cal.2d 633, 637 [241 P.2d 535].) However, this rule has no application here.

". . . The trial judge is in so much better position to judge the weight and sufficiency of the evidence and the credibility of the witnesses than is the court of appeal that an order granting or refusing a new trial will not be disturbed unless it appears very clearly that he abused his discretion in that regard. That is the invariable rule which is followed on appeal." (*Kelley* v. *Corcoran*, 16 Cal.App.2d 593, 596 [61 P.2d 344], citing several cases. See also *Hack* v. *Gridley*, 54 Cal.App.2d 227, 228 [128 P.2d 827].)

Since the action must be returned to the superior court for retrial, it becomes unnecessary to consider plaintiff's appeal

The order granting the motion for a new trial is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.