[Civ. No. 23155.   Second Dist., Div. Two.   Aug. 4, 1958.]

BEN JUDD, Appellant, v. LAWRENCE CHABEK, as
Executor, etc., Respondent.

Jack R. Berger for Appellant.

Walter H. Young for Respondent.

FOX, P. J.—This is an appeal by the plaintiff from an order granting the defendant's motion for a new trial following a jury verdict in plaintiff's favor.

Plaintiff worked for one Rausch as a gardener at an apartment house which Rausch owned. Rausch died in 1954, but plaintiff, pursuant to the authorization of defendant (who was Rausch's executor), continued to work around the premises. Plaintiff sustained his injury in August, 1955. The accident occurred while plaintiff was trimming one of the palm trees on the property. Plaintiff testified that he was using a ladder belonging to the Rausch estate. Plaintiff placed the ladder against the tree so that its bottom was resting on the grass near the tree and the top rung was resting against the tree, with the top part of the ladder straddling the tree on each side. Plaintiff made sure the ladder was on solid ground and tested it before ascending. He then climbed the ladder and was engaged in sawing a palm frond when he fell. He was some 10 or 12 feet above the ground when the fall occurred. He stated that he did not know exactly how he fell; that the ladder slipped or twisted. The ladder did not break. It was in good condition both before and after the accident. Plaintiff had never made any complaints about the ladder although he had used it probably a hundred times. Moreover, plaintiff had never asked for any tools or equipment to use with the ladder.

Defendant testified that he never gave plaintiff any specific instructions as to what work he should do around the property; that plaintiff did some work for other people who lived nearby; that plaintiff kept some tools and equipment of his own in an empty garage belonging to the apartment house, among which was a ladder similar to that owned by the Rausch estate; that defendant told plaintiff after Rausch's death that plaintiff's employment would be continued and that plaintiff should continue to use his own tools when working on the premises; that plaintiff assented to this. Defendant also testified that shortly after the accident he had a conversation

with plaintiff in which plaintiff stated that he had been trimming a tree, that he had placed the ladder rather close to the curb of the street, and that in passing an automobile came quite close to the curb causing him and the ladder to fall.

Plaintiff instituted proceedings before the Industrial Accident Commission, and that body determined that he was injured during the course of his employment and that his employer (defendant in his representative capacity) was uninsured, although not wilfully so. Plaintiff received an award from the commission.

█ █ The present action was brought pursuant to Labor Code, section 3706.[1] In effect it is an ordinary action for negligence, but under Labor Code, section 3708 negligence is presumed and the burden of proof is upon the defendant employer to rebut such presumption; moreover, neither contributory negligence nor assumption of the risk is a defense. The action proceeded to trial and judgment against defendant in his representative capacity. The trial court, however, granted defendant's motion for a new trial upon the sole ground that the evidence was insufficient to justify the jury's verdict.

█ "The applicable rule of review is stated in *Brown* v. *Guy,* 144 Cal.App.2d 659, 661 [301 P.2d 413]; 'Upon the consideration of a motion for a new trial the court must make an independent appraisal of the evidence, including all presumptions and reasonable inferences, and must judicially determine whether the judgment effects a miscarriage of justice. █ In considering such motion the trial court is not bound by a conflict in the evidence but may be governed by any substantial proof that would reasonably warrant a judgment for the moving party even though such evidence consists of nothing more than inferences from established facts. █ On appeal from the order it will not be reversed unless the reviewing court concludes that as a matter of law there is no substantial evidence to support a contrary judgment.' " (*Hughey* v. *Candoli,* 159 Cal.App.2d 231, 234 [323 P.2d 779].) In *Thomas* v. *Moore,* 146 Cal.App.2d 59, 61 [303 P.2d

---

[1]Labor Code § 3706 reads:
"If any employer fails to secure the payment of compensation, any injured employee or his dependents may proceed against such employer by filing an application for compensation with the commission, and, in addition, may bring an action at law against such employer for damages, as if this division did not apply."

624], this court quotes as follows from *Ballard* v. *Pacific Greyhound Lines*, 28 Cal.2d 357, 358-359 [170 P.2d 465]: "The trial court in considering a motion for new trial is not bound by a conflict in the evidence, and has not abused its discretion when there is any evidence which would support a judgment in favor of the moving party. [Citations.] The only conflict may be the opposing inferences deducible from uncontradicted probative facts. In such case the trial court may draw inferences opposed to those accepted by the jury, and may thus resolve the conflicting inferences in favor of the moving party. . . . " ■ In passing upon the motion the trial court is entitled to evaluate the credibility of the witnesses and determine the weight to be given to their testimony. (*Hollingsworth* v. *Pemberton*, 138 Cal.App. 261, 265 [31 P.2d 1063]; see also *Kelley* v. *Corcoran*, 16 Cal.App.2d 593, 596 [61 P.2d 344].) ■ "It is only where it can be said as a matter of law that there is no substantial evidence to support a contrary judgment that an appellate court will reverse the order of the trial court." (*Brooks* v. *Metropolitan Life Ins. Co.*, 27 Cal.2d 305, 307 [163 P.2d 689].)

■ Applying these principles to the case at bar it is clear that the trial court did not abuse its discretion in granting the motion for new trial. From defendant's testimony the trial court could infer that plaintiff was under a duty to use, and did use, his own equipment when doing work around the apartment house. This would be sufficient to rebut the presumption that defendant was negligent since the injury could no longer be traced to any act or omission by defendant in regard to furnishing plaintiff a safe ladder. Moreover, even if we assume that defendant was obligated to furnish plaintiff a ladder, the trial court could conclude that defendant properly fulfilled his obligation. Plaintiff had used the ladder many times and had never suggested that it was unsafe; nor had he ever requested any equipment to use with the ladder. Defendant also had used the ladder many times and testified that it was in good condition and safe. The ladder remained undamaged after the accident, so the fall apparently was not caused by any defect in construction. And there was evidence of an admission by plaintiff that his fall was caused by a car passing too close to the curb near which he had placed the ladder. All this evidence tended to establish that plaintiff's injury was not proximately caused by any negligence on defendant's part. The trial court reason-

ably could determine that this evidence was sufficient to rebut the presumption in plaintiff's favor.

Plaintiff places much emphasis on the fact that defendant did not voluntarily furnish him with "feet" for the ladder, an employee to assist him in using the ladder, ropes to be used with the ladder, or any other type of safety device. He argues that this shows defendant was negligent as a matter of law, relying upon section 3362, subdivision (a) of article 17 in title 8 of the California Administrative Code. That section states: "Where there is danger of a portable ladder slipping in use, provision shall be made to secure the ladder in position by use of hooks, ropes, scabs, spikes, cleats, or by other antislip devices, or by stationing an employee at the base of the ladder to hold it in position during use." The section has no application in the instant case. There is no evidence that either plaintiff or defendant had knowledge that there was any danger of the ladder "slipping in use." Both plaintiff and defendant had used the ladder many times without mishap. On the day of the accident plaintiff had tested the ladder before climbing and had determined that it was on solid ground; the top of the ladder was straddling the tree to prevent it from sliding; and plaintiff was working only 10 or 12 feet from the ground. Under these conditions, it does not appear that there was any danger of the ladder slipping. Because there was no apparent danger of slipping, it cannot be held that defendant was under any obligation to supply plaintiff with any of the aids mentioned in the above section.

Since there was substantial evidence which would support a verdict and judgment in favor of defendant (the moving party), the trial court did not err in granting the motion for new trial.

Upon the former trial defendant challenged the sufficiency of the complaint to state a cause of action against him in his representative capacity. This issue will inevitably be raised on a new trial. It therefore seems appropriate for us to comment on this question.

Initially, plaintiff proceeded against defendant in his representative capacity before the Industrial Accident Commission. That commission made an award against him in such capacity. Defendant never questioned the right of the commission to make the award against him in his representative capacity, and the commission's determination in that regard is res judicata in the instant action. (*Scott* v. *Industrial Acc. Com.*, 46 Cal.2d 76, 83 [293 P.2d 18]; *French* v. *Rishell*, 40

Cal.2d 477 [254 P.2d 26].) Labor Code, section 3706, provides that where an employer fails to provide compensation insurance, the injured employee may bring an action at law against "such employer" in addition to proceeding against him before the commission. This indicates that it was proper for the employee in the instant case to sue the same employer against whom he had proceeded before the commission, namely, defendant in his representative capacity. To hold otherwise would lead to the inconsistent result that a defendant might be held liable in his individual capacity by the courts although previously he had been held liable in his representative capacity by the commission, both for the same injury.

The order is affirmed.

Ashburn, J., and Herndon, J., concurred.

A petition for a rehearing was denied August 29, 1958.