[Civ. No. 26754. First Dist., Div. One. Sept. 10, 1970.]

EVERLEAN JONES, Plaintiff and Appellant, v.
GEORGE GORDON BROWN et al., Defendants and Respondents.

514

## COUNSEL

Nason & Goldfarb and Joel Goldfarb for Plaintiff and Appellant.

Hanna & Brophy and Robert N. MacLean for Defendants and Respondents.

## OPINION

**MOLINARI, P. J.**—Plaintiff appeals from a summary judgment entered in favor of defendants in a personal injury action. The issue on appeal, as in the court below, is whether plaintiff, a domestic employee of defendants at the time of her injury, is precluded from bringing the subject action in the superior court because she was an employee who came under the workmen's compensation provisions of the Labor Code so as to give exclusive jurisdiction over plaintiff's claim to the Workmen's Compensation Appeals Board (hereinafter referred to as the "Board").

The chronology of the pertinent facts and proceedings leading up to the order granting defendants' motion for a summary judgment, as disclosed by the record before us, are as follows: On December 12, 1966, plaintiff, while engaged in her duties of employment as a domestic for defendants, suffered extensive burns when the contents of a vacuum cleaner she was emptying into an incinerator caught fire. On the date of the accident there was in effect a workmen's compensation insurance policy which had been issued to defendants for the benefit of their employees.

On May 24, 1967, plaintiff filed an application for the adjudication of her claim for compensation benefits with the Board, naming defendant husband and his compensation insurance carrier as defendants. An award was made in plaintiff's favor on September 26, 1967 for temporary disability and medical treatment. Thereafter, and on November 22, 1967, the instant action was filed. While this action was pending plaintiff filed an application with the Board for a permanent disability rating, the hearing thereon being held on September 19, 1968. The instant motion for summary judgment was filed on October 24, 1968.[1]

In addition to the foregoing facts, defendant husband's affidavit in support of the motion for summary judgment states that plaintiff at no time after her entry into service as an employee served a notice in writing upon him that she elected not to be subject to the workmen's compensation provisions of this state as required by the provisions of Labor Code sections 4150 through 4154. In her counteraffidavit plaintiff declares that she was, at no time prior to her injury on December 12, 1966, advised by defendants or any other person that a policy of workmen's compensation insurance coverage was in force covering her in her employment with defendants and that no notice of such coverage was posted or visible on the employment premises.

Following the hearing of the motion for summary judgment on November 18, 1968, the court below on December 3, 1968, made its order granting the motion for summary judgment. A memorandum appended to the order by the court indicates that the basis of the order was that the

---

[1]Although not part of the record before us, defendants point out in their brief that on October 29, 1968, the Board made an award to plaintiff determining the extent of the temporary disability benefits; that on November 18, 1969, plaintiff filed a petition for reconsideration of the permanent disability aspect of this award; that this petition was granted on December 18, 1968; that on January 24, 1969, the Board affirmed the original award of permanent disability; that plaintiff sought a writ of review in this court; and that the same was denied by this court on May 28, 1969. These allegations were not denied by plaintiff in her closing brief, and they are confirmed by the records of this court in the petition for the writ of review. (1 Civ. 26576, Division Four.)

superior court did not have jurisdiction because plaintiff had previously invoked the jurisdiction of the Board.

In considering the merits of the appeal we first observe that the only factual issue tendered by the respective affidavits on the motion for summary judgment is whether plaintiff had notice and knowledge that defendants had procured the subject workmen's compensation insurance policy. In this connection we note that it is conceded that plaintiff, as a household domestic employee, was not an employee subject to the workmen's compensation laws of this state. (Lab. Code, § 3352, subd. (g).)[2] She could, however, pursuant to section 4150, come under the workmen's compensation provisions upon the joint election of herself and her employers in the manner prescribed by sections 4151 and 4154. These sections provide, respectively, for the mode of election by the employer and the employee.

Election on the part of the employer must be made either by insuring against liability for compensation or by filing with the administrative director of the Division of Industrial Accidents a statement to the effect that he accepts the compensation provisions. (§ 4151.) The employee, where the employer has made the election, is deemed by implication to have accepted the compensation provisions at the time of injury for which liability is claimed if he does not give notice in writing to the employer that he elects not to be subject to the compensation provisions upon entering the employment if prior thereto the employer has made the election; or, where the employer's election is made following the entry in the employment, the employee fails, within five days after the filing of such election, to give the employer notice that he elects not to be subject to the compensation provisions. (§ 4154.) In the former instance the employee becomes subject to the compensation provisions upon entry in the employment; in the latter, at the time of the filing of the election. (§ 4154.)

■ In view of these statutory provisions, there can be no doubt that before the employee may be deemed to have made the election to come under the compensation provisions, he must have notice and knowledge of the existence of the insurance policy or the filing of the statement with the administrative director. ■ Section 4150 makes it clear that in order for the employer and employee to bring themselves within the workmen's compensation scheme, there must be a *joint election*. This requirement envisions, we believe, a conscious election by both. ■ Moreover, it is apparent that before an employee can give the notice required by section 4154 he must be aware that the employer has made the election in either of the modes prescribed in section 4152.

---

[2]Unless otherwise indicated, all statutory references are to the Labor Code.

■ We perceive that the legal effect of section 4154 is to put an employee to an election of remedy since the failure by the employee to give the required written notice results in a waiver of the employee's right not to be subject to the workmen's compensation provisions. ■ An election of remedies results where one faced with inconsistent remedies must choose between them. (*Mansfield* v. *Pickwick Stages,* 191 Cal. 129, 130 [215 P. 389]; *Gray* v. *Gray,* 25 Cal.App.2d 484, 487 [77 P.2d 908]; *Lenard* v. *Edmonds,* 151 Cal.App.2d 764, 768 [312 P.2d 308].)[3] ■ We observe further that the valid waiver of a right presupposes an actual and demonstrable knowledge of the very right being waived. (*City of Ukiah* v. *Fones,* 64 Cal.2d 104, 107 [48 Cal.Rptr. 865, 410 P.2d 369]; *In re Walker,* 71 Cal.2d 54, 57 [77 Cal.Rptr. 16, 453 P.2d 456]; *People* v. *Connor,* 270 Cal.App.2d 630, 634 [75 Cal.Rptr. 905].)

■ In the instant case it is not disputed that when plaintiff entered her employment defendants had not elected to come under the workmen's compensation provisions, but that they did so subsequently and while plaintiff was in their employment through the mode of insuring against liability for compensation. Accordingly, plaintiff would not be deemed to have accepted the compensation provisions unless she had notice and knowledge of the insurance policy and failed to give notice in writing of her election not to be subject to the compensation provisions. As indicated above, defendants' affidavits merely state in this respect that defendant husband procured a policy of workmen's compensation insurance and that plaintiff at no time gave him written notice that she elected not to be subject to the workmen's compensation provisions. These affidavits do not aver that plaintiff had notice or knowledge of the policy or the election of defendants to come under the workmen's compensation provisions. Plaintiff's counteraffidavit, on the other hand, affirmatively avers that prior to the date of her injury she had no knowledge that such an insurance policy had been issued or was in force, and that no sign or notice of such coverage was posted or visible on the employment premises. Therefore, since defendants' affidavits are to be strictly construed and that of plaintiff is to be liberally construed, plaintiff's affidavit proffers competent and sufficient evidence to present a triable issue of fact on the question whether plaintiff accepted the compensation provisions by reason of her failure to give the notice prescribed in section 4154 within five days after defendants procured the policy of insurance. (See *Saporta* v. *Barbagelata,* 220 Cal.App.2d 463, 468 [33 Cal.Rptr. 661]; *Snider* v. *Snider,* 200 Cal.App.2d 741, 748 [19 Cal.Rptr. 709].)

---

[3]The doctrine of election of remedies is said to be based on estoppel. (*Pac. Coast Cheese, Inc.* v. *Sec. First Nat. Bk.,* 45 Cal.2d 75, 80 [286 P.2d 353]; *Steiner* v. *Rowley,* 35 Cal.2d 713, 720 [221 P.2d 9].)

In the present case there is a strong indication, in view of the trial court's memorandum, that the trial court did not determine the motion on the basis that there were no triable issues of fact. It rather appears to have been decided on the basis that the superior court did not have jurisdiction because the Board had previously assumed jurisdiction and had made an award in favor of plaintiff. Such a determination, in essence, was a determination of a legal issue which may be reached by a motion for summary judgment where there are no triable issues of fact but only a question of law to be determined. *Magna Development Co.* v. *Reed,* 228 Cal.App.2d 230, 234 [39 Cal.Rptr. 284]; *Nelson* v. *United States Fire Ins. Co.,* 259 Cal.App.2d 248, 251 [66 Cal.Rptr. 115].) We shall, therefore, proceed to determine whether the superior court had jurisdiction since, if it did not, there would be no factual issues which could be tried notwithstanding, as we have pointed out above, the fact that the affidavits do tender triable issues of fact.

In approaching the question of jurisdiction, we first observe that if at the time of the accident there was no workmen's compensation, then the Board is without jurisdiction to grant relief. Contrawise, if there was such coverage, then the superior court is without jurisdiction and must leave the parties to pursue their remedies before the Board. (*Scott* v. *Industrial Acc. Com.,* 46 Cal.2d 76, 83 [293 P.2d 18]; *Duprey* v. *Shane,* 39 Cal.2d 781, 789-790 [249 P.2d 8].) Accordingly, the two tribunals do not have concurrent jurisdiction over the whole of the controversy, since "one of them will be without jurisdiction to grant any relief whatsoever, depending upon whether or not the injuries were suffered within the course and scope of an employment relationship and so covered by the workmen's compensation laws." (*Scott* v. *Industrial Acc. Com., supra,* at pp. 82-83.)

The only point of concurrent jurisdiction that exists between the Board and the superior court is *jurisdiction to determine jurisdiction,* and jurisdiction once determined will be exclusive and not concurrent. (*Scott* v. *Industrial Acc. Com., supra,* 46 Cal.2d 76, 83; see *Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280, 302-305 [109 P.2d 942, 132 A.L.R. 715].) In *Scott* an action for damages for personal injuries was brought by Scott in the superior court against a company. While this action was pending the company initiated workmen's compensation proceedings for adjustment of the claim arising out of the same personal injuries on the ground that they were suffered in the course and scope of Scott's employment with the company. Proceedings in prohibition were then instituted by Scott to halt the workmen's compensation proceedings. The Supreme Court granted the writ upon the rule that, where two tribunals

have concurrent jurisdiction to determine jurisdiction, the first tribunal assuming and exercising jurisdiction to determine jurisdiction is entitled to determine whether it has jurisdiction and the other tribunal must await that determination. (Pp. 89-90; see also *Taylor* v. *Superior Court,* 47 Cal.2d 148, 149, 151 [301 P.2d 866].)

In *Scott* the Supreme Court further observed that since a determination made by these tribunals is res judicata in all subsequent proceedings or actions between the same parties or those in privy with them, a final determination as to the matter of coverage (i.e., jurisdiction) in the commission[4] or the superior court proceedings, will be res judicata in subsequent proceedings before the other tribunal between the same parties or those privy to them. (46 Cal.2d at p. 83; see also *Taylor* v. *Superior Court, supra,* 47 Cal.2d 148, 151; *Azevedo* v. *Abel,* 264 Cal.App.2d 451, 455 [70 Cal.Rptr. 710]; *Judd* v. *Chabek,* 162 Cal.App.2d 574, 579 [328 P.2d 245]; *Casualty Ins. Co.* v. *Industrial Acc. Com.,* 226 Cal.App.2d 748, 756 [38 Cal.Rptr. 364].)

Applying these principles to our facts, we note that here the Board was the first tribunal assuming jurisdiction to determine jurisdiction. At the time the superior court action was filed on November 22, 1967, the Board had already finally determined that plaintiff's injuries were suffered within the course and scope of an employment relationship with defendants which relationship was in turn covered by the workmen's compensation laws.[5] This determination, by virtue of the award made to plaintiff, was a final determination as to the matter of coverage and of jurisdiction to grant relief to plaintiff. Since this determination was res judicata, the superior court could not inquire into the correctness or propriety of the determination made by the Board. In sum, the determination by the Board that there was workmen's compensation coverage is res judicata on this issue and it is binding on the superior court.[6] (See *Goodman Bros.* v.

---

[4]The "commission" referred to is the Industrial Accident Commission which, pursuant to a reorganization effected in 1969, is now known as the Workmen's Compensation Appeals Board. (See §§ 50, 56, 110, 111.)

[5]The Board's award of temporary disability and medical treatment became final on October 17, 1967, i.e., 20 days after the award was made on September 26, 1967. Section 5904 provides that all objections are deemed waived unless raised by a petition for reconsideration filed within 20 days of the date of the award. Here plaintiff filed no petition for reconsideration with respect to the initial award made by the Appeals Board.

[6]We observe that in the court below plaintiff did not contend that the Appeals Board did not have jurisdiction, but urged that there was also jurisdiction in the superior court. On appeal, although plaintiff seems to argue that the Board did not have jurisdiction, she takes the ambivalent position that she was justified in proceeding with the workmen's compensation proceeding because, although she had not elected to come under the provisions of the workmen's compensation laws, she was neverthe-

*Superior Court,* 51 Cal.App.2d 297, 303-304 [124 P.2d 644].) Therefore, since the determination of this issue was tantamount to a determination that the Board had exclusive jurisdiction, the superior court's granting of the motion for summary judgment was proper.

Plaintiff's suggestion that, notwithstanding jurisdiction in the Board and the award therefrom, she may nevertheless file a subsequent suit in the superior court pursuant to section 3706[7] is without merit. That section provides the additional remedy of an action at law against an employer who is required to and *fails* to carry compensation insurance. (See *Coffin* v. *Bloodworth,* 28 Cal.App.2d 522, 523-524 [82 P.2d 953]; *Goodman Bros.* v. *Superior Court, supra,* 51 Cal.App.2d 297, 303.) Here, defendants did not fail to secure the payment of compensation since the compensation award granting compensation could have been made only upon a finding that defendants were insured. (*Goodman Bros.* v. *Superior Court, supra,* at p. 302.) Moreover, as pointed out above, the prior final decision of the Board is res judicata in a subsequent superior court action on the issue of insurance.

The judgment is affirmed.

Sims, J., and Elkington, J., concurred.

---

less a third party beneficiary under the insurance contract and, therefore, could seek this remedy in addition to her action for damages at law.

[7]Section 3706 provides: "If any employer fails to secure the payment of compensation, any injured employee or his dependents may proceed against such employer by filing an application for compensation with the commission, and, in addition, may bring an action at law against such employer for damages, as if this division did not apply."